RECEIVED

MAR 0 2 2020

AT 8:30_____M
WILLIAM T. WALSH, CLERK

FILED

FEB 2 7 2020

AT 8:30___4:14___P M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| v. | : | Criminal No. 20- 209 (KSH) |
| MICHAEL CHEFF | : | 18 U.S.C. §§ 241, 1519, & 2 |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### Count 1
### (Conspiracy to Deprive Persons of Civil Rights)

1.  At all times relevant to Count 1 of this Indictment:

    a.  Defendant MICHAEL CHEFF ("CHEFF") was a Sergeant employed by the Paterson Police Department ("PPD") in Paterson, New Jersey.

    b.  Eudy Ramos ("Ramos"), Daniel Pent ("Pent"), Jonathan Bustios ("Bustios"), Matthew Torres ("Torres") and Frank Toledo ("Toledo") were police officers employed by the PPD (collectively, the "Officers").

    c.  CHEFF and the Officers were assigned to the same squad within the PPD and typically worked a shift that began at approximately 4:30 a.m. and ended at approximately 3:45 p.m. In his role as a PPD Sergeant, CHEFF supervised the Officers and approved the Officers' reports and other paperwork related to arrests and seizures of money, narcotics, and firearms, among other things.

1

2.  From in or about 2016 to in or about April 2018, in Passaic County, in the District of New Jersey, and elsewhere, defendant

**MICHAEL CHEFF**

knowingly and willfully conspired and agreed with the Officers to injure, oppress, threaten, and intimidate individuals in Paterson in the free exercise and enjoyment of the rights secured to them by the Constitution and laws of the United States, namely: (a) their right to be free from unreasonable searches and seizures by one acting under color of law; and (b) their right not to be deprived of property without due process of law by one acting under color of law.

## Goal of the Conspiracy

3.  It was the goal of the conspiracy for CHEFF and the Officers, acting under color of law, to: (a) illegally stop and search vehicles and the occupants of those vehicles; (b) illegally stop and search individuals in buildings or on the streets of Paterson; (c) illegally enter and search residences in Paterson; (d) steal money from the individuals who the co-conspirators stopped and searched illegally and from the residences; (e) conceal these activities from the PPD by submitting and approving false reports that omitted, or lied about, their illegal activities; and (f) split the proceeds among CHEFF and the Officers.

## Manner and Means

4.  It was part of the conspiracy that:

    a.  While on official duty, the Officers illegally targeted and

2

stopped certain occupants of vehicles who they believed carried sums of money.

  b. The Officers conducted vehicle stops of those individuals without any legal basis.

  c. The Officers searched the motor vehicles, the drivers, and the passengers, without any legal basis.

  d. The Officers seized cash from the vehicles' occupants, split the cash proceeds among themselves, and passed along a portion of the stolen proceeds to CHEFF.

  e. While on official duty, the Officers illegally stopped and searched individuals in buildings and on the streets of Paterson, seized cash from those individuals, split the cash proceeds among themselves, and passed along a portion of the stolen proceeds to CHEFF.

  f. The Officers communicated via text message regarding their criminal conduct, using the word "mango" to refer to cash.

  g. CHEFF and the Officers concealed these criminal activities from the PPD by submitting and approving false reports and other paperwork that omitted, or lied about, their illegal activities.

  h. For example, on or about November 14, 2017, in Paterson, CHEFF, Ramos, and Bustios (a) stole money from a safe in a residence in Paterson; and (b) submitted and approved a PPD Incident Report that falsely

omitted the theft of money. This theft and corresponding false report are described below:

      i. Bustios, Ramos, and Torres stopped and arrested Victim 1 outside of Victim 1's residence (the "Residence"). During the arrest, Bustios stole several hundred dollars from Victim 1.

      ii. CHEFF, Ramos, and Bustios lied to Victim 1 and Victim 1's mother to obtain their consent to search the Residence.

      iii. During the subsequent search of the Residence, CHEFF removed approximately $2,000 from a safe in Victim 1's room and placed most of the cash into his pocket. CHEFF gave a small amount of the cash to Bustios to submit as evidence to the PPD.

      iv. Following the theft, at PPD headquarters, CHEFF gave Bustios a small additional amount of the stolen cash and told Bustios to place it into evidence. In total, Bustios submitted approximately $319 into evidence.

      v. Bustios drafted, and CHEFF approved, a PPD Incident Report concerning the search of the Residence. The PPD Incident Report falsely stated that the search of the Residence yielded "$319 on the top of a shelf in [Victim 1's] room," when, in fact, the search of the Residence yielded approximately $2,000 from the inside of a safe.

      vi. At PPD headquarters, CHEFF passed along a portion of the stolen cash to Ramos and an additional portion of the stolen cash to Torres.

vii. Bustios and Toledo discussed over text message

CHEFF's theft of cash from the safe:

| | |
|---|---|
| Bustios: | Cheff got us for over a stack today<br>Lol |
| Toledo: | Lmao how |
| Bustios: | We got a consent to search at plesinger<br>There was a safe<br>…<br>He grabbed the cash<br>Suspect said he had $1,500<br>Chef [sic] gave me $139<br>Lmai<br>Then $160 later lol<br>And told me to tag it all |
| Toledo: | Fuckkkkk outta here lmao<br>Nigga lied to you |
| Bustios: | Word up man<br>Who the suspect ? |
| Toledo: | Can't say anything tho<br>Cheff will look us out no matter what b |
| Bustios: | We had already gotten mangoes [cash] earlier lol |
| Toledo: | He low key pulled rank |
| Bustios: | So it was whatever r<br>Lol from now on<br>Everybody's car is getting searched and everyone is getting asked if we can search their car<br>And threaten to lock up their momma if they don't let us search their house lmao |

viii. Bustios and Torres also discussed over text message

CHEFF's theft of cash:

| | |
|---|---|
| Torres: | Nigga I want my cut lol.  Thought there should've |

|          |                                                                                                                                                                  |
|----------|------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|          | been something more                                                                                                                                              |
| Bustios: | Yea $200<br>But that's not from the safe<br>Lol ur boss [CHEFF] has that                                                                                         |
| Torres:  | Nig he [CHEFF] beat us all.   Cool if I collect that from u day 4.                                                                                               |
| Bustios: | Well it's $200 split 3 ways<br>So $65<br>I'll give it to Eudy<br>I'm not in day 4<br>Only reason I tagged that much mango [cash] was because Cheff made me<br>Just FYI |
| Torres:  | Appreciate it.   I'll see you next 4 bud                                                                                                                         |

In violation of Title 18, United States Code, Section 241.

## Count 2
## (Falsification of Record)

1. The allegations in paragraphs 1 and 4 of Count 1 of this Indictment are incorporated here.

2. Conspiracy and substantive offenses involving the deprivation of civil rights, to include the right to be free from unreasonable searches and seizures, and the right not to be deprived of property without due process of law, by a person acting under color of law, contrary to Title 18, United States Code, Sections 241 and 242, are matters within the jurisdiction of the Federal Bureau of Investigation (the "FBI"), which is an agency within the United States Department of Justice.

3. On or about November 14, 2017, in Passaic County, in the District of New Jersey, and elsewhere, defendant

**MICHAEL CHEFF**

knowingly concealed, covered up, falsified, and made false entries in a Paterson Police Department Incident Report with the intent to impede, obstruct and influence the investigation and proper administration of matters within the jurisdiction of the United States Department of Justice and the FBI, and in relation to and contemplation of such matters.

In violation of Title 18, United States Code, Section 1519 and Section 2.

A TRUE BILL,

_____
FOREPERSON

*Craig Carpenito*
_____
CRAIG CARPENITO
United States Attorney

8

CASE NUMBER: 20-cr-209-KSH

**United States District Court**
**District of New Jersey**

**UNITED STATES OF AMERICA**

v.

MICHAEL CHEFF

**INDICTMENT FOR**

18 U.S.C. § 241
18 U.S.C. § 1519
18 U.S.C. § 2

**A True Bill,**

Foreperson

**CRAIG CARPENITO**
U.S. ATTORNEY
NEWARK, NEW JERSEY

RAHUL AGARWAL
LEE M. CORTES, JR.
ASSISTANT U.S. ATTORNEYS
(973) 297-4395
(973) 645-2742