**John D. Lynch, Esq.**
1814 Kennedy Boulevard
Union City, New Jersey 07087
(201) 867-2008
(201) 867-6654 (Fax)
johndavidlynch@hotmail.com
Attorney for Defendant Michael Cheff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

**UNITED STATES OF AMERICA**               :
                                           :   **Criminal No. 20-209 (KSH)**
       **Plaintiff**                    :
                                           :   **NOTICE OF OMNIBUS**
**vs.**                                    :   **MOTION**
                                           :
**MICHAEL CHEFF**                          :
_____

**TO:**   Rahul Agarwal, A.U.S.A.
      United States District Attorney's Office
      970 Broad Street, Suite 700
      Newark, New Jersey 07102

SIR:

     **PLEASE TAKE NOTICE** that on a date set by the Court**,** the undersigned attorney for

the defendant, Michael Cheff, will move before the Honorable Katharine Sweeney Hayden**,** Sr.

U.S.D.J. for an Order granting the following relief:

     1.    The Government should move before the court to disclose in advance of trial all

          evidence relating to other crimes and prior or subsequent similar acts that it

          intends to use as part of its case-in-chief.

     2.    Have the Government turn over to Defendant all Brady Jencks and Giglio

          material or dismiss the Indictment.

     3.    The preservation and production of Agent's rough investigation notes.

In support of this motion, defendant will rely upon the annexed brief.    Oral argument is hereby requested on all issues.

Respectfully submitted,

 /s/ John D. Lynch

_____

John D. Lynch, Esq.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 20-209 (KSH)** |
| **Plaintiff** | : | |
| | : | <u>**Criminal Action**</u> |
| **vs.** | : | |
| | : | |
| **MICHAEL CHEFF** | : | |

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S OMNIBUS MOTION**

---

**John D. Lynch, Esq.**
**Attorney for Defendant**
**1814 Kennedy Boulevard**
**Union City, NJ 07087**

## <u>TABLE OF CONTENTS</u>

STATEMENT OF FACTS.....................................................................................   1

POINT I

THE GOVERNMENT SHOULD BE DIRECTED TO DISCLOSE IN
ADVANCE OF TRIAL ALL EVIDENCE RELATING TO OTHER
CRIMES AND PRIOR OF ᴀSUBSEQUENT SIMILAR ACTS
THAT IT INTENDS TO USE AS PART OF ITS
CASE-IN-CHIEF...............................................................................1


POINT II

THE GOVERNMENT MUST FORTHWITH TURN OVER TO
DEFENDANT ALL BRADY JENCKS AND GIGLIO
MATERIAL OR THE INDICTMENT MUST BE
DISMISSED......................................................................................   4


POINT III

THIS COURT SHOULD REQUIRE THE PRESERVATION AND
PRODUCTION OF AGENTS ROUGH INVESTIGATION
NOTES...........................................................................................   8

<u>STATEMENT OF FACTS</u>

Defendant, Michael Cheff is charged in Indictment No. 20-209 (KSH) with 1 count of

Conspiracy to Deprive Persons of Civil Rights in violation of 18 U.S.C. § 241, and 1 count of

Falsification of Record in violation of 18 U.S.C. § 1519 as 18 U.S.C. § 2, while in his capacity as

a police sergeant for the City of Paterson.

The crux of the evidence against Police Officer Cheff is the testimony of 5 former

Paterson police officers who have been indicted and plead guilty, but are awaiting sentencing:

Eudy Ramos, Daniel Pent, Jonathan Bustios, Matthew Torres and Frank Toledo.

### <u>POINT I</u>

**THE GOVERNMENT SHOULD BE DIRECTED TO
DISCLOSE IN ADVANCE OF TRIAL ALL EVIDENCE
RELATING TO OTHER CRIMES AND PRIOR OR
SUBSEQUENT SIMILAR ACTS THAT IT INTENDS TO
USE AS PART OF ITS CASE-IN-CHIEF<u>.</u>**

In <u>Dennis v. United States,</u> 384 U.S. 855 (1966), the Supreme Court recognized that

disclosure, rather than suppression, of relevant materials ordinarily promotes the proper

administration of criminal justice.    384 U.S. at 870.    The Court further reasoned that in our

adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to

have exclusive access to a storehouse of relevant fact.    384 U.S. at 873.

The reasoning behind the above standard is clear. It would be manifestly unfair to enable

a prosecutor to ambush the defendants with allegations of other wrongdoings, the factual basis of

which the defendants had no opportunity to investigate and for which no affirmative defense can

be prepared.    Indeed, in <u>United States v. Jackson</u>, 621 F.2d 216 (5th Cir. 1980), the Fifth Circuit

held that the surprise introduction of prior and subsequent similar acts or evidence during the

1

trial required reversal of the conviction. The Court noted: Jackson's counsel asserts that he relied upon a pre-trial agreement [that no prior or subsequent similar act evidence was going to be offered] and therefore was not prepared to present evidence concerning transactions not charged in the indictment.... 621 F.2d at 220-21.   In reversing the conviction, the Court held that [u]nder these circumstances the district judge's failure to balance the potential for prejudice against the reasons for the requested release constituted reversible error. 621 F.2d at 221.

Therefore, it is imperative that the government be required to recognize the universally accepted discovery rules which enable a defendant to have the fair trial he is entitled to.   In the words of Justice Traynor, quoted in <u>United States v. Baum</u>, 482 F.2d 1325 (2d Cir. 1973), a defendant has hardly had a fair trial if he has been denied the opportunity to discover evidence or information crucial to his defense.   And, as further mandated by Baum, the prosecutor has a duty to present its case against the defendant fairly in an effort to avoid any miscarriage of justice.

Further, Government disclosure to the defendant of prior similar acts is a natural concomitant of the mandate of Rule 403 and 404 (b) of the Federal Rules of Evidence[1]  as noted in   <u>United States v. Climatemp, Inc.</u> 482 F. Supp, 376, 391 (N.D. I11. 1979), <u>affd</u> <u>without</u> <u>op.,</u> <u>United States v. Reliable Sheet Metal Works, Inc.,</u> 705 F.2d 461 (7th Cir.) <u>cert. denied</u>, 103 S.

---

[1]Rule 404(b) provides:

(B) other crimes, wrongs, or acts.-- Evidence of other crimes, wrongs or acts is to admissible to prove the character of a person in order to show that he acted in conformity therewith.   It may, however, ne admissible for other purposes, such as proof of notice, opportunity, intent, preparation , plan knowledge, identity, or absence of mistake or accident. Despite its possible relevance, Rule 402 of the Federal Rules of Evidence nevertheless cautions against the admission of otherwise relevant evidence if:   Its probative value us substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation cumulative evidence.

2

Ct. 3116 (1983).   In <u>Climatemp</u>, in reliance on Rule 12(d)(2) of the Federal Rules of Criminal Procedure, the Court held that the Government was required, upon request from the defendant, to disclose the other crimes evidence which it intended to use in its case-in-chief at trial.

In addition, requiring the Government to alert defense counsel to any intended use of other crimes or similar act as evidence prior to trial would minimize any improper prejudicial effort of this evidence by permitting careful scrutiny of the evidence in advance of trial.   As the Second Circuit noted: caution and judgment are called for, and a trial judge faced with an other crimes evidence problem should require the Government to explain why the evidence is relevant and necessary.   <u>United States v. O'Connor</u>, 580 F.2d 38, 43 (2d Cir. 1978), quoted in <u>United States vs. Manafzadh</u>, 592 F.2d 81, 86 (2d Cir. 1979).   See also <u>United States v. Fearns</u>, 501 F2.d 486, 490 (7th Cir. 1974) (it is prudent for   the District Court to hear the witness initially out of the presence of the jury to be sure that proof will be offered to all the elements of the prior offenses sought to be proved).   The Third Circuit has long recognized that a defendant must be protected from guilt by reputation and from unnecessary prejudice.   <u>United States v. Cook</u>, 538 F.2d 1000, 1003 (3d Cir. 1976).

Implicit in case law regarding pretrial discovery by a defendant of other crimes and similar acts evidence is the requirement that a defendant be afforded a fair opportunity to discover prosecution evidence in order to avoid any prejudicial ambush or surprise and to preserve the interests of justice.   Accordingly, defendant is entitled, sufficiently in advance of trial, to be provided with any similar acts or other crime evidence which the Government intends to offer as part of its case-in-chief.   Manifestly, the Government should also be required to give fair notice that such evidence will be used.

3

## POINT II

### THE GOVERNMENT MUST FORTHWITH TURN OVER TO DEFENDANT ALL BRADY JENCKS AND GIGLIO MATERIAL OR THE INDICTMENT MUST BE DISMISSED.

The Third Circuit has encouraged adherence to the longstanding policy of promoting the early production of all types of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) material.   <u>United States v. Starusko</u>, 729 F.2d 256, 261 (3d Cir. 1984).   This includes impeachment and favorable material bearing on a defendant's culpability or punishment as well as material bearing on the credibility of any material witness at trial.   <u>United States v. Higgs</u>, 713 F. 2d 39, 42 (3d Cir. 1983), cert. denied, 464 U.S. 1048 (1984).   The Supreme Court has held that materials that might affect a jury's judgment of the credibility of a crucial government witness including impeachment materials such as criminal histories and promises fall within this category.   <u>United States v. Agurs</u>, 427 U.S. 97, 107 (1976); <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972).

The defense seeks any information obtained <u>from</u> and pertaining <u>to</u> Eudy Ramos, Daniel Pent, Jonathan Bustios, Matthew Torres and Frank Toledo that falls within any of these categories.

Early disclosure of <u>Jencks Act</u> materials prior to trial is also encouraged in the Third Circuit.   <u>See United States v. Hill,</u> 976 F.2d 132, 140 (3d Cir. 1992); <u>United States v. Murphy</u>, 569 F. 2d 771, 773 3d Cir.). <u>cert. denied</u>, 435 U.S. 955 (1978), and the defense requests prompt disclosure of such materials.

That credibility materials relating to central government witnesses fall within the purview of <u>Brady</u> is clear from the decision of the United States Supreme Court in <u>Giglio v. United</u>

States, 405 U.S. 150 (1972), as well as from decisions within this district.    See, United States v. Khater, et al., Crim No. 84-148, Slip op. (D.N.J. March 22, 1985) (District's discovery order required productions of Giglio materials within ten days of date of arraignment); United States v. Rogers, Crim. No. 84-335, Slip Op. (D.N.J. May 17, 1985).

In Giglio v., United States, 405 U.S. 150 (1972), the Supreme Court ordered a new trial because the United States Attorney failed to disclose to defense counsel an immunity agreement which had been entered into by the prosecution with a critical government witness.    After citing Brady for the proposition that irrespective of the prosecutor's good faith, the suppression of material evidence by the prosecution justifies a new trial, the Court stated:

> When the reliability of a given witness may well be
> determinative of guilt or innocence, non-disclosure
> of evidence affecting credibility falls within this
> general rule.

Id. at 154 (citations omitted).

The Court then noted:

> Here the Government's case depended almost
> entirely on Taliento's testimony; without no
> evidence to carry the case to the jury.    Taliento's
> credibility as a witness was therefore an importance
> issue in the case, and evidence of any understanding
> or agreement as to a future prosecution would be
> relevant to his credibility and the jury was entitled
> to know of it.

Id. at 154-55

Similarly, here, whatever case the government has against defendant Michael Cheff will largely depend upon the testimony of its witnesses.    With respect to each government witness, defendant Michael Cheff is entitled to receive: copies of any inconsistent statements; transcripts from prior trials where credibility of the particular witness was questioned or impeached; results

5

of lie detector tests; materials showing bias, motive or prejudice; results of psychiatric examinations; confessions; records of participation in the federal witness protection program; criminal histories in the United States and abroad; records of sentences received and of reduction of sentences; plea agreements; immigration records; plea transcripts; sentencing transcripts; cooperating agreements; the names and docket numbers of other cases in which the witness testified; immunity agreements and orders; records of government payments to a particular witness; and evidence of crimes where no formal proceedings were instituted as a result of the cooperation of a particular witness.   To the extent that such information exists, defendant is entitled to its production immediately.

If, in response to this motion, the government attempts to explain away the need to turn over this information by drawing a distinction between materials which are directly exculpatory and material which could be used to impeach the credibility of critical governmental witness, this Court must reject such an explanation as artificial and unreasoned[2].   The distinction urged by the government has been squarely rejected by decisions of the United States Supreme Court and the United States Court of Appeals for the Third Circuit.

In United States v. Bagley, 473 U.S. 667 (1985), the Supreme Court specifically noted

---

[2]To the extent that the government also contends that witness statements which simultaneously fall within the purview of Giglio and the Jencks Act, 18 U.S.C. Sec. 1500, are not subject to pretrial disclosure, that argument has been specifically rejected in this District. United States v. Rogers, Crim No.   84-335, Slip Op. (D.N.J. May 17, 1985).   Moreover, the various Third Circuit decisions cited herein acknowledge the salutary practice of the District Courts within this Circuit to encourage the early production of discovery materials.   Finally, because the rule in Giglio is constitutionally compelled, the timing if the turnover of such materials is governed by the Fifth and Sixth Amendment requirements of due process and of a fair trial rather than by the arbitrary times established by statue.

6

that the distinction between materials directly affecting the guilt or innocence of a criminal

defendant and materials affecting the credibility of crucial government witnesses was spurious:

> In <u>Brady</u> and <u>Argus</u>, the prosecutor failed to
> disclose exculpatory evidence.   In the present case,
> the prosecutor failed to disclose evidence that the
> defense might have used to impeach the
> Government=s witnesses be showing bias or
> interest.   <u>Impeachment evidence, however, as well
> as exculpatory evidence, falls within the Brady rule,</u>

Id. At 676

Although in <u>Higgs</u> the Court found that the Trial Court's order for the production of

<u>Brady</u> materials was premature because of threats which had been made against the

government's witness, the decision stands for the proposition that the Court has general

discretionary authority with respect to the timing of the release of <u>Brady</u> materials.   That this is

so is evident from the Third Circuit's subsequent decision in <u>United States v. Starusko</u>, 729 F.2d

256 (3rd Cir. 1984), which also dealt with time of the release of <u>Brady</u> materials.   In <u>Starusko</u>,

the Court noted that it was this Circuit's longstanding policy to encourage the early production of

<u>Brady</u> materials.   Citing <u>Higgs,</u> the Court found that the questions of timing was best left to the

discretion of the trial judge:

> In <u>Higgs</u>, this Court announced that the District
> Court has general discretionary authority to order
> the pretrial disclose of <u>Brady</u> material to ensure the
> effective administration of the criminal justice
> system.

<u>Id.</u>   At 261

Not only is defendant entitled to the immediate production of Brady Jencks and Giglio

materials by the government, but he is also entitled to those materials by the government in a

useable form.   For example, to the extent that critical witnesses of the government has testified

at previous trials where their credibility was either drawn into questions or was impeached, defendant is entitled to transcripts of that prior testimony.

For all the foregoing reasons, defendant is entitled to the immediate production of Brady Jencks and Giglio materials.   These materials would include the negative or lack of evidence seized while Michael Cheff was targeted and during the investigation of this case.   In the absence of such production, defendant is entitled to have the indictment dismissed.

## POINT III

### THIS COURT SHOULD REQUIRE THE PRESERVATION AND PRODUCTION OF AGENT'S ROUGH INVESTIGATION NOTES.

Defendant Michael Cheff respectfully requests that the Government be ordered to preserve and to produce all notes of interviews and rough drafts prepared by any agent of any law enforcement agency who had interviewed any government witnesses who will be either called at trial or who was interviewed in anticipation of the warrant and/or indictments. Goldberg v. United States, 425 U.S. 94 (1976); United States v. Vella, 562 F. 2d 275 (3rd Cir. 1977), cert. den., 423 U.S. 1071 (1978).

Respectfully submitted,

By:___/s/ John D. Lynch_____

Dated:   August 5, 2020                        John D. Lynch, Esq.

8

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 20-209 (KSH)** |
| **Plaintiff** | : | |
| | : | <u>**Criminal Action**</u> |
| **vs.** | : | |
| | : | |
| **MICHAEL CHEFF** | : | **CERTIFICATION OF MAILING** |

I, John D. Lynch, Esq., do hereby certify as follows:

1.      On August 5, 2020, I E-Filed, the following documents:

    1.      Notice of Omnibus Motion, on behalf of Michael Cheff,

    2.      Brief in support of motion, and

    3.      Certification of Mailing.

An original to:

United States District Court, District of New Jersey Newark
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut St.,
Newark, NJ 07102

Katharine S. Hayden, JDC
U.S. District Court, Newark
U.S. Post Office & Courthouse
2 Federal Square
Newark, NJ 07101

Rahul Agarwal, A.U.S.A.
United States District Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102

I hereby certify that the above is true to the best of my knowledge and belief.    I am aware that if any of the foregoing is willfully false, I am subject to punishment.


 /s/ John D. Lynch
John D. Lynch, Esq.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 20-209 (KSH)** |
| **Plaintiff** | : | |
| | : | **Criminal Action** |
| **vs.** | : | |
| | : | **ORDER GRANTING** |
| **MICHAEL CHEFF** | : | **OMNIBUS MOTION** |

---

THIS MATTER having been opened to the Court by John D. Lynch, Esq., attorney for the accused MICHAEL CHEFF, for an Order granting the relief sought in the Omnibus Notice of Motion hereto filed, and good cause having been shown;

IT is on this _____ day of _____, 2020,

HEREBY ORDERED that the specific relief requested in defendant's Omnibus Notice of Motion be, and hereby is granted in its entirety.

_____
HON. KATHARINE S. HAYDEN
U.S. District Court Judge