

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

August 21, 2020

**VIA ECF**

The Honorable Katharine S. Hayden
Senior United States District Judge
Frank R. Lautenberg Post Office and U.S. Courthouse
2 Federal Square
Newark, NJ 07101

> Re:   *United States v. Michael Cheff*, Crim. No. 20-209 (KSH)

Dear Judge Hayden:

The Government submits this letter brief to oppose defendant Michael Cheff's omnibus motions.  (D.E. 19.)  Cheff was indicted on February 27, 2020 for conspiracy to violate civil rights, in violation of 18 U.S.C. § 241 (Count 1) and falsification of a record, in violation of 18 U.S.C. § 1519 (Count 2). Trial has not yet been scheduled.

In his motions, Cheff seeks pretrial disclosure of Rule 404(b) evidence, immediate disclosure of *Brady*, *Giglio*, and Jencks materials, and the preservation and production of law enforcement agents' rough notes. All of Cheff's motions should be denied.

> 1.   *Cheff's request for pretrial notice of Rule 404(b) evidence should be denied without prejudice as premature because the Government will comply with its notice requirements at the appropriate time.*

Cheff asks the Court for an order directing the Government to provide disclosure of any Rule 404(b) evidence that it intends to introduce "sufficiently in advance of trial." Def. Br. at 1-3. The Government acknowledges its obligation to make pretrial disclosure of Rule 404(b) evidence. Consistent with Cheff's request, the rule itself requires "reasonable notice in advance of trial." FED. R. EVID. 404(b). Under the Court's Standing Order Number 15-2 regarding criminal trial scheduling and discovery (the "Standing Order"), the timing of that notice will be set at a final

pretrial conference held no sooner than two weeks after the disposition of pretrial motions. Standing Order ¶ 19. That conference has not yet been scheduled.

Case law is in line with the Standing Order and makes clear that trial courts routinely authorize such disclosure shortly before trial. *See United States v. Blackwell*, 954 F. Supp. 944, 968 (D.N.J. 1997) (denying motion to accelerate the disclosure of Rule 404(b) evidence; disclosure "at least three days before trial . . . [was] adequate"); *see also United States v. Solomonyan*, 451 F. Supp. 2d 626, 646 (S.D.N.Y. 2006) (denying a motion for immediate disclosure of Rule 404(b) evidence; "[t]he motion is premature because the government has not yet decided what evidence [it] will seek to introduce"); *United States v. Morales*, 280 F. Supp. 2d 262, 274-75 (S.D.N.Y. 2003) (denying a motion for immediate disclosure of Rule 404(b) evidence and permitting the Government "to provide notice of all Rule 404(b) material not later than fourteen days before the start of trial").

Accordingly, a ruling on the timing of disclosure of 404(b) evidence is premature, and Cheff's request should be denied without prejudice. If the Government decides to offer evidence pursuant to Rule 404(b), it will provide appropriate notice as ordered by the Court following the final pretrial conference.

2.      *Cheff's motion for immediate production of* Brady *materials should be denied because the Government has complied with its obligations and will continue to do so.*

Cheff requests an order directing the Government to disclose *Brady* materials immediately. Def. Br. at 7-8. The Government is well aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), which requires the Government to turn over, at the earliest possible time, any "evidence favorable to an accused . . . material either to guilt or to punishment." *Id.* at 87. The Government already has produced to Cheff materials pursuant to its *Brady* obligations. Should any other favorable material come to the Government's attention, it will be disclosed to Cheff promptly. No order requiring the Government to meet its obligations is necessary. Cheff's motion should be denied.

3.      *Cheff's motion for the immediate production of* Giglio *materials should be denied.*

Cheff also seeks an order requiring the Government to turn over *Giglio* materials immediately. Def. Br. at 4-8. The Government is fully aware of its obligations to disclose evidence that may be used to impeach the credibility of government witnesses. *See Giglio v. United States*, 405 U.S. 150, 154 (1972); *Buehl v. Vaughn*, 166 F.3d 163, 181 (3d Cir. 1999). Disclosure of evidence that may be used to discredit government witnesses is not directly exculpatory, however, and therefore need not be disclosed well in advance of trial. The Third Circuit held in *United States*

*v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983), that disclosure of *Giglio* materials on the day that the witness in question testifies sufficiently insures a defendant's right to a fair trial, stating:

> The Brady material in this case was information that [the defendant] could use on cross-examination to challenge the credibility of government witnesses. For that type of material, we think [the defendant's] right to a fair trial will be fully protected if disclosure is made the day that the witness testifies. Disclosure at that time will fully allow [the defendant] to effectively use that information to challenge the veracity of the government's witnesses.

*Id.* Consistent with this view, federal courts routinely have refused to order pretrial production of *Giglio* materials. *See, e.g.*, *United States v. Tejada*, Crim. No. 12-312, 2013 WL 3786299, *5-*6 (D.N.J. July 17, 2013) (Linares, J.); *United States v. Singh*, Crim. No. 12-121, 2012 WL 2501032, *6 (E.D.N.Y. June 27, 2012); *United States v. Giffen*, 379 F. Supp. 2d 337, 347 (S.D.N.Y. 2004); *United States v. Earls*, Crim. No. 03-364, 2004 WL 350725, *8 (S.D.N.Y. Feb. 25, 2004); *United States v. Giampa*, 904 F. Supp. 235, 281-82 (D.N.J. 1995).

None of Cheff's professed reasons for needing impeachment material "immediately" require that this Court depart from the well-established law that the Government is not required to disclose *Giglio* materials months in advance of trial (or, in this case, before a trial date has even been set). Cheff's expectation that this case "will largely depend upon the testimony of [government] witnesses," Def. Br. at 5, does not distinguish it from the many other cases where the Government was not required to make *Giglio* disclosures far in advance of trial. Indeed, it is hard to imagine that many criminal trials turn on anything other than witness testimony. There are, therefore, no special circumstances requiring early disclosure of impeachment material in this case.

Consistent with these obligations, the Standing Order makes clear that a date for *Giglio* disclosures should be set at the final pretrial conference. To be clear,the Government will agree to provide such material to Cheff sufficiently in advance of trial to avoid delay, to afford defense counsel sufficient time to prepare for cross-examination, and to satisfy Cheff's due process rights. *See Higgs*, 713 F.2d at 44; *United States v. Kopituk*, 690 F.2d 1289, 1337-41 & n.47 (11th Cir. 1982). However, to the extent that Cheff is requesting immediate disclosure of *Giglio* materials, that request should be denied.

4.    *Cheff's motion for the immediate production of Jencks materials should be denied.*

Cheff moves for immediate production of materials covered by the Jencks Act, 18 U.S.C. § 3500. Def. Br. at 4, 6-8. As a statutory matter, the Government has no obligation to produce Jencks material until the witness has testified, 18 U.S.C. § 3500, although many federal prosecutors routinely turn over Jencks materials at least a few days before the witness testifies. *See United States v. Maury*, 695 F.3d 227, 248 n.18 (3d Cir. 2012). The Government will do the same here by disclosing Jencks materials in advance of trial consistent with the Court's Standing Order and simultaneously with its production of *Giglio* materials. This early, voluntary disclosure will afford defense counsel a more than adequate opportunity to prepare for cross-examination without delaying the trial. *See United States v. Weaver*, 992 F. Supp. 2d 152, 160 (E.D.N.Y. 2014) (denying request for early Jencks disclosure in light of Government's representation that it was aware of obligation and would make timely disclosure).

Of course, Cheff has a reciprocal duty to produce to the Government prior statements of their witnesses, see Fed. R. Crim. P. 26.2. In light of the Government's willingness to produce Jencks materials prior to the testimony of its witnesses, the Government requests that the Court direct counsel to provide defense Rule 26.2 materials similarly in advance of the testimony of defense witnesses to avoid delay in the trial, which is also what the Court's Standing Order contemplates.

5.    *Cheff's motion for preservation of "rough notes" is moot and for their production should be denied.*

Cheff asks the Court to compel the Government "to preserve and to produce all notes of interviews and rough drafts prepared by any agent of any law enforcement agency who had interviewed any government witnesses who will be either called at trial or who was interviewed in anticipation of the warrant and/or indictments." Def. Br. at 8. The law enforcement agents in this matter are aware of their obligations to preserve notes of interviews and handwritten drafts and summaries of reports. *United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983).  Thus, Cheff's motion for the preservation of rough notes should be denied as moot.

But Cheff's motion for their production should be denied. The Government is not required to disclose rough notes to the defense on demand.[1] *See United States v. Brown*, 303 F.3d 582, 590 (5th Cir. 2002); *United States v. Muhammad*, 120 F.3d 688, 699 (7th Cir. 1997). Rather, if so directed by the Court, the Government will submit

---

[1] Nor, as Cheff requests, is the Government required broadly to disclose information regarding any individuals who were "interviewed in anticipation of the warrant and/or indictments."

4

those materials to the Court for in camera review. *See United States v. Vella*, 562 F.2d 275, 276 (3d Cir. 1977) (notes should be kept so that the trial court can determine whether they should be made available to the defendant); *accord United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994).

Here, prosecutors will review the rough notes to determine whether they contain any material impeachment information or constitute Jencks Act materials. Any such information will be disclosed to Cheff. Thus, Cheff's motion for the production of rough notes should be denied.

## Conclusion

The Court should deny Cheff's motions for the reasons stated above.

Respectfully submitted,

CRAIG CARPENITO
United States Attorney

By: _____

RAHUL AGARWAL
LEE M. CORTES, JR.
Assistant United States Attorneys

cc:   John D. Lynch, Esq. (via ECF and email)

5