

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

May 9, 2022

<u>**VIA ECF & E-MAIL**</u>

Honorable Katharine S. Hayden, U.S.D.J.
United States District Court
Frank R. Lautenberg Post Office and U.S. Courthouse
2 Federal Square
Newark, NJ 07101

      Re:   <u>*United States v. Michael Cheff*</u>
               <u>**Crim. No. 22-209 (KSH)**</u>

Dear Judge Hayden:

     This expands on a point made in the Government's May 8, 2022, Dkt. #50, regarding Defendant Michael Cheff's stated intention to cross examine certain Government witnesses, formerly Paterson Police Department officers, on their use of excessive use force.

     As previously explained, *id*. at 6, none of the charges against Cheff involve excessive force. Instead, they are limited to his sharing in the theft of stolen from individuals during illegal stops, searches and arrests and the concealment of those activities, *id*. at 2.

     Accordingly, in addition to any video evidence being precluded by Rule 403 for the reasons previously explained, any cross examination on that issue is further limited by Rule 608(b), which prohibits use of extrinsic evidence (other than conviction of a crime) to prove specific instances of a witness's conduct in order to attack the witness's character for truthfulness. *United States v. Georgiou*, 777 F.3d 125, 144-45 (3d Cir. 2015) (both Rules 608(b) and 403 apply to preclude "collateral matters that are likely to confuse the issues;" Rule 403 generally and Rule 608(b) specifically as to specific instances of conduct); *United States v. Williams*, 464 F.3d 443, 448 (3d Cir. 2006) (same; Rule 403 operates with Rule 608(b) to preclude unnecessary mini-trials).

To the extent Cheff wishes to use excessive force (or any other) incidents to cast doubt on the officers' character for truthfulness, he may inquire on cross-examination, but may not offer extrinsic evidence of the conduct. As previously noted, these officers, if they testify, likely would acknowledge their prior use or participation with others in the use of excessive force tied to certain arrests and police encounters, including ones featured in the videos. Dkt. #50 at 6. Accordingly, as a practical matter, any such admissions would leave nothing for purposes of cross examination. If Cheff nonetheless attempts to use extrinsic evidence, whether videos and photos or anything else prohibited by Rules 403 and 608(b), he should be precluded from doing so. In addition to all of the other reasons, that simply would amount to the type of undue delay, waste of time, or needless presentation of cumulative evidence contemplated by Rule 403.

                                                        Respectfully Submitted

                                                        PHILLIP R. SELLINGER
                                                       United States Attorney

                                        By:    Jihee G. Suh
                                                 Thomas S. Kearney
                                                 Assistant United States Attorneys

cc:    John D. Lynch, Esq.
       Paulette Pitt, Esq.
       *Counsel for Defendant*