# JOHN D. LYNCH
ATTORNEY AT LAW

1814 KENNEDY BOULEVARD  
UNION CITY, N.J. 07087

(201) 867-2008  
Fax (201) 867-6654  
johndavidlynch@hotmail.com

July 12, 2022

Hon. Katharine S. Hayden, Sr. Judge, USDC  
United States District Court  
United States Post Office & Courthouse Building  
2 Federal Square  
Newark, New Jersey 07102

       Re: United States of America vs. Michael Cheff  
          Case No.: 2:20-CR-00209-KSH

Dear Judge Hayden:

  Please accept this Memorandum as defendant's reply to the Government's brief in opposition to Mr. Cheff's Motion for Judgement of Acquittal or in the alternative for a New Trial.

**POINT I**
**REPLY TO POINT I OF GOVERNMENT'S OPPOSITION BRIEF - JUDGMENTS OF ACQUITTAL SHOULD BE ENTERED.**

  The government has argued that sufficient evidence was adduced to support the guilty verdicts returned by the jury in this matter. The government has argued that the proofs are aligned with the offenses charged in the indictment and that the defense has failed to show any inconsistencies in the witnesses' testimony.

  The government is wrong for the following reasons. First, the government overlooks any testimony that does not fit their narrative of guilt. These inconsistencies were revealed during direct testimony and during cross-examination of witnesses.

  For example, the government argues that the robbery squad brought their false and inaccurate reports to Michael Cheff because he was part of the conspiracy. The government ignores the fact that two other officers also approved false reports submitted by the robbery squad members. (742; DE 46 and DE 47).

1

Second, the information provided by a non-member of the robbery squad provides inconsistencies with the testimony of the robbery squad members. Jose Sanchez-Acevedo testified that he was left alone in the patrol car while the police officers went up to his apartment. (771). He testified that he had no conversation with Michael Cheff. (779, lines 17-22). He spoke to Jonathan Bustios about the money in the unlocked safe. (798). He testified that Eudy Ramos explained to him what happened to the money he claimed he had in the safe with the broken lock. (773).

The testimony of Mr. Sanchez-Acevedo does not fit the narrative of the government as to what happened at Pleisinger Place. It is the testimony of a disinterested party. It shows the fallacies and holes in the government's case.

Third, the government provided sufficient proof of the guilt of the members of the robbery squad. The government failed to prove Michael Cheff's membership and participation in the conspiracy. The testimony was that he was given small amounts of money (lunch money) on a few occasions. No one gave him mangoes (larger amounts of money). This is insufficient proof that he knowingly joined a conspiracy to illegally search people in cars and on the street and take their money.

For the reasons set forth above and for the reasons set forth in the defendant's opening brief, judgments of acquittal should be entered.

## POINT II
## REPLY TO POINT II OF GOVERNMENT'S OPPOSITION BRIEF - A NEW TRIAL SHOULD BE ORDERED.

Michael Cheff has argued that numerous trial errors warrant the entry of an order vacating the verdicts and entry of an order granting the motion for a new trial.

The government has conceded that some of these arguments were errors but that the defense did not make timely objections and therefore, the arguments should be rejected.

The government is wrong for two reasons.

First, Michael Cheff has argued that it was it was the cumulative effect of the errors that prejudiced him. Hence, the totality of the errors resulted in a miscarriage of justice that warrants a new trial.

The Government has argued that Michael Cheff agreed to jury instructions. Not so.

Michael Cheff provided a jury charge for Count 2. (A copy of same is attached hereto as Exhibit "A"). The court rejected it. The defense was then forced to make the best of a bad situation and work with revisions to the government's proposed jury charge. That is not the stuff that consent is made of.

The government argues that Michael Cheff was given an opportunity to explore his decision to testify or not with the court. Not so.

Michael Cheff was required to agree in open court to having his case heard before a COVID-vaccinated jury. (Docket Number 52 – Pretrial Conference of May 11, 2022). The same constitutional solemnity should have been afforded to him on his decision not to testify in his own behalf.

Second, the issue raised by the government goes to the standard of review to be applied to the defendant's motion, not the viability of the error. The errors complained of by the defendant, particularly when they are viewed as a whole in the context of short trial, rise to the level of plain error. Molina-Martinez v. United States. 578 U.S. _____, 136 S.Ct. 1338 (2016); Rosales-Mirales v. United States, 585 U.S.___, 138 S. Ct. 1897 (2018); Federal Rule of Criminal Procedure 52(b). A new trial should be granted. United States v. Mathew Richard Martinez, 2022 WL 1624900 (N.D. Texas 2022) (new trial ordered where government presented a weak case).

## CONCLUSION

For the reasons set forth above and in the opening brief of defendant, the motions for Judgments of Acquittal and for a new trial should be granted.

Respectfully submitted,

*John D. Lynch*

JOHN D. LYNCH, ESQ.

*Paulette L. Pitt*

PAULETTE L. PITT, ESQ.

cc: Jihee Suh, Esq., AUSA
    Thomas Kearney, Esq. AUSA

3